UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              Case No. 03-CR-261

DEXTER ANDERSON,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Dexter Anderson was found guilty by a jury of nine separate drug and firearms violations and sentenced to 25 years (300 months) in prison. One of the counts carried a mandatory minimum sentence of 20 years, and the total sentence called for under the United States Sentencing Guidelines then in effect was life. Anderson's conviction was affirmed on appeal, and neither he nor the government challenged the sentence. On May 1, 2013, Anderson filed a motion to reduce his 300-month sentence based on the reduced crack cocaine guidelines made retroactive by Congress in the Fair Sentencing Act, which became effective November 1, 2011. 124 Stat. 2372. This is Anderson's third motion seeking a reduction in his sentence. This time Anderson cites *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013), as support for his motion.

Under the revised crack guideline, Anderson's sentence range is 360 months (30 years) to life instead of life. As noted in the court's previous decisions denying Anderson's motions for a sentence reduction, the court already took into consideration the criticisms of the crack-to-powder-cocaine in imposing a lower-than-guideline sentence in this case. The court nevertheless imposed

a sentence five years over the mandatory minimum to account for the aggravated circumstances of the case, in particular Anderson's flight from the U.S. Marshal and attempt to gain possession of a firearm in the course of his arrest. The sentence imposed by the court is still five years less than the low end of the current sentence range under the revised guideline. As explained by the Court of Appeals in its decision affirming the court's most recent denial of Anderson's motion for sentence reduction, the court has no authority to impose a lower sentence, even if it thought a lower sentence was appropriate. *United States v. Anderson*, 488 Fed. Appx. 129, *1 (7th Cir. 2012) ("We affirm because the district court correctly found that it was not legally authorized to reduce Anderson's sentence."). *Wren* does not change the result.

Notwithstanding the changes in the guidelines for crack cocaine offences, a sentencing court is not allowed to reduce a sentence below the low end of the sentence range under the revised guideline. *U.S. Sentencing Guidelines*, § 1B1.10(b)(2)(A). *Wren* recognized an exception for this rule for individuals who were given below guideline sentences pursuant to a motion by the government as a reward for the substantial assistance they provided. As the Court of Appeals noted in its previous decision, however, "[t]hat exception does not apply to Anderson." *Anderson*, 488 Fed. Appx. 129 at *2. As far as this court knows, nothing has changed in the last year since this issue was last before the court of appeals. Anderson's newest motion (ECF No. 237) is therefore **denied.**

**SO ORDERED** this ___12th___ day of August, 2013.

                                                      s/ William C. Griesbach
                                                    William C. Griesbach, Chief Judge
                                                    United States District Court